THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

Case Number: 8-22-cv-00668-SCB-SPF

BW TANKERS PTE LTD.,

    Plaintiff,

v.

BARGE OSG 242, TUG OSG COLUMBIA, *in rem*,
OSG 242 LLC, OSG COLUMBIA LLC and
OSG SHIP MANAGEMENT, INC., *in personam*,

    Defendants.
_____/

# PLAINTIFF'S AMENDED VERIFIED COMPLAINT

Plaintiff, BW Tankers Pte Ltd. ("Plaintiff" or "BW") files this Original Verified Complaint against the Barge OSG 242 ("Barge"), her engines, tackle, appurtenances, etc., *in rem*, Tug OSG COLUMBIA, ("Tug"), her engines, tackle, appurtenances, etc., *in rem*, OSG 242 LLC ("OSG 242"), OSG Columbia LLC ("OSG Columbia") and OSG Ship Management, Inc. ("OSG Management"), *in personam* (collectively "Defendants"), alleging as follows:

**I.    JURISDICTION AND VENUE**

1.1    This is a suit for a maritime tort and a maritime lien within the admiralty and maritime jurisdiction of the United States and this Honorable Court in accordance with section 1333 of Title 28 of the United States Code, Rule 9(h) of the Federal Rules of Civil Procedure, Rule C of the Supplemental Rules for Certain Admiralty & Maritime Claims, and Section 31301 of Title 46 of the United States Code.

1.2     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because the *in personam* Defendant OSG Management is a resident of, and maintains its principal place of business in, this District.

## II.     PARTIES

2.1     BW is a limited liability company duly organized and existing under and by virtue of the laws of Singapore law, with its principal office located at Mapletree Business City, #18-01, 10 Pasir Panjang Road, Singapore, 117438, and is the registered owner of the M/V COMPASS ("Compass"), IMO No. 9274094, a foreign-flag double hull oil tanker of 41,583 gross tons.

2.2     At all times relevant, the Tug is and was a pusher tug owned by Defendant OSG Columbia and operated by Defendant OSG Management.

2.3     At all times relevant, the Barge, is and was a tank barge owned by Defendant OSG 242 and operated by Defendant OSG Management.

2.4     Defendant OSG Columbia is a Delaware limited liability company with a principal place of business at 302 Knights Run Avenue, Suite 1200, Tampa, Florida 33602.

2.5     Defendant OSG 242 is a Delaware limited liability company with a principal place of business at 302 Knights Run Avenue, Suite 1200, Tampa, Florida 33602.

2.6     Defendant OSG Management is a Delaware corporation, with a principal place of business at 302 Knights Run Avenue, Suite 1200, Tampa, Florida 33602.

## III.    FACTS

3.1     On or around January 17, 2018, the Compass completed loading a cargo of crude oil and was safely moored at the Nustar Terminal Oil Dock # 1 berth awaiting a pilot to board and take the ship out of Corpus Christi for an ocean voyage.

3.2     At 1554 hours on January 17, 2018, Defendant Tug was towing or pushing Defendant Barge, both under the operation of Defendant OSG Management and rapidly approached the Compass, causing the Barge to swing into the Compass and, at 1556 hours, the barge allided with and struck the starboard side of the Compass, which was idle and safely moored at the Nustar Terminal berth, causing extensive damage her hull plating and structure.

3.3     At the time of the allision, and at all other relevant times, the Compass, the Tug and the Barge were in the navigable waters of the United States of America, within the Southern District of Texas.

**IV.   CLAIMS**

4.1     The Defendants Tug, Barge and OSG Management are liable for the damages caused to the Compass in that such damages resulted from and were caused by negligent acts and/or omissions of the Defendant Tug, the Defendant Barge, their respective officers, crew, agents, representatives, and/or employees and Defendant OSG Management. These negligent acts and/or omissions include, without limitation, the following;

(a)     Incompetent crew;

(b)     Crew that was inattentive to their duties;

(c)     Negligent navigation;

(d)     failing to use reasonable care in preventing the allision;

(e)     failing to use reasonable care in limiting the severity of the allision;

(f)     alliding with the Compass, which was stationary.  BW therefor invokes the *Oregon* Rule. *See The Oregon*, 158 U.S. 186, 197 (1895);

(g)     failing to exercise reasonable care in monitoring the surrounding conditions;

(h)     failing to exercise reasonable care in compensating for the surrounding conditions;

      (i)      failing to maintain a safe speed;

      (j)      failing to keep a proper lookout;

      (k)      violation of standards of good seamanship; and

      (h)      failing to properly maintain the Barge.

4.2      Each of the foregoing acts or omissions constitute negligence that proximately caused the incident and BW's damages and each of the Defendants are liable for these acts or omissions.

4.3      BW invokes and relies upon the doctrine of *res ipsa loquitor* because the character of the incident was such that it would not have happened in the absence of negligence, and the instrumentality causing the occurrence exclusively was within the Defendants' control, or within the control of those for whom they are responsible.

4.4      Each of the acts and/or omissions was a proximate case of the allision, and of actual, incidental, and consequential damages to BW. Those damages include, but are not limited to, response costs, reasonable and necessary costs and expenses for surveys, inspections, repairs, lost production and business interruption, loss of use, loss of profits, claimed demurrage and hull repairs in the amount of at least $1,009,655.52, as best as can presently be calculated.

4.5      At all times material, BW mitigated its damages in a commercially reasonable manner.

## V.    PRAYER

5.1      BW respectfully prays:

      (a)      That process in due form of law, according to the practice of this Honorable Court in causes of admiralty and maritime jurisdiction, may issue against Defendant Tug OSG

COLUMBIA, Defendant Barge OSG 242, and their tackle, appurtenances, etc. and be served upon the Tug and Barge, *in rem* and against Defendant OSG Management*;*

(b) That all persons owning or claiming any interest in the Tug OSG COLUMBIA, Barge OSG 242 may be cited to appear and answer the matters aforesaid, and that the Tug OSG COLUMBIA, Barge OSG 242, and their tackle, appurtenances, etc., shall be seized and may be condemned and sold to pay the demands of BW aforesaid, together with interest, fees and costs;

(c) That a maritime lien be declared in BW favor to be a valid and subsisting upon the Tug OSG COLUMBIA, Barge OSG 242, and their engines, tackle, appurtenances, etc., and prior and superior to the interest, liens and claims of any and all persons, firms or corporations whatsoever.

(c) That judgment be issued against Defendants Tug OSG COLUMBIA, Barge OSG 242 and their tackle, apparel, appurtenances, etc., *in rem*, and Defendant OSG Management, Defendant OSG 242, and Defendant OSG COLUMBIA, LLC, in the full amount demanded under this Verified Complaint, as it may be amended, plus interest, charges, the cost of seizure and custodial expenses, other costs and attorneys' fees, as well as any and all other amounts required to be paid to BW as a result of its damages described in this Verified Complaint;

(d) That in due course, the Tug OSG COLUMBIA, Barge OSG 242 be ordered sold, and that the proceeds of the sale be applied to the amounts owed to BW; and

(e) That BW have such other and further relief as in law, admiralty, and justice it may be entitled to recover.

March 23, 2022

        The Plaintiff,
        BW TANKERS PTE LTD.


By:    /s/ Jacob Munch
        Jacob J. Munch FBN:376523
        Munch and Munch, P.A.
        600 South Magnolia Ave., Suite 325
        Tampa, FL 33606
        PH: (813.254.1557)
        jake@munchandmunch.com

        -and –

        Patrick F. Lennon, Esq.
        Kevin J. Lennon, Esq.
        Lennon, Murphy & Phillips, LLC
        1599 Post Road East
        Westport, CT 06880
        (203) 256-8600
        (203) 256-8615 fax
        pfl@lmplaw.net
        kjl@lmplaw.net

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

BW TANKERS PTE LTD.,

    Plaintiff,

v.

BARGE OSG 242, TUG OSG COLUMBIA, *in rem*,
OSG 242 LLC, OSG COLUMBIA LLC and
OSG SHIP MANAGEMENT, INC., *in personam*,

_____/

## **VERIFICATION**

BEFORE ME, THE UNDERSIGNED AUTHORITY, personally came and appeared PATRICK F. LENNON, who, after being duly sworn, did say,

> I am an attorney representing Plaintiff, BW Tankers Pte Ltd. in this matter and that the information set forth in this Verified Complaint is true and correct based upon information provided by my clients and documentation supplied to me and grounds exist for the arrest of the Tug OSG Columbia and Barge OSG 242 for a maritime tort lien under Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

                                                                   Patrick F. Lennon

SWORN AND SUBSCRIBED BEFORE ME
THIS 23rd DAY OF MARCH 2022.

_____
NOTARY PUBLIC

Karla Marie Gage
Notary Public-Connecticut
My Commission Expires
January 31, 2027