UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

BW TANKERS PTE LTD.

      Plaintiff,

                                   Case No. 8:22-cv-00668-SCB-SPF

v.

BARGE OSG 242, TUG OSG COLUMBIA,
*in rem*, OSG 242 LLC, OSG COLUMBIA LLC
and OSG SHIP MANAGEMENT, INC.,
*in personam*,

      Defendants.

_____/

**UNOPPOSED MOTION TO MODIFY THE SCHEDULING ORDER
AND EXTEND CASE DEADLINES BY NINETY DAYS**

OSG Ship Management, Inc. files this unopposed motion to modify the scheduling order and extend all case deadlines by 90 days.

1.      On August 26, 2022, the District Court issued its Case Management and Scheduling Order. (Dkt. #19.)

2.      Per Rule 16(b)(4), the current Scheduling Order may be modified "for good cause and with the judge's consent." Moreover, Rule 6(b)(1) recognizes that "the court may, for good cause, extend the time" for case deadlines "before the original time or its extension expires." None of the deadlines established by the Scheduling Order have yet passed, therefore, the District Court need only find "good cause" to support modifying and extending the case deadlines by 90 days.

3.      Good cause exists because this is a maritime action involving witnesses from Texas, the Netherlands, Turkey, and Singapore. Almost none of the witnesses reside in

Florida. The allision originally occurred in Corpus Christi, Texas. Immediately after the allision, surveyors from the plaintiff and defendant examined the M/V COMPASS while she was still in port. At the time of the allision, the M/V COMPASS was at or near fully loaded with cargo and she sailed to the Port Rotterdam, in the Netherlands, to discharge her cargo. While there, the M/V COMPASS was surveyed again. The M/V COMPASS owners, who are in Singapore, then decided to take her off-hire and sail to Turkey to undergo repairs. After repairs, the M/V COMPASS was surveyed a third time.

4.      The parties, which have been involved in extensive settlement negotiations, have agreed to limit the scope of this litigation to damages only. However, the damages factual inquiry involves discovery of the various surveyors involved in Texas, Rotterdam, and Turkey, of the shipyard repairs in Turkey, of the financial information of the plaintiff, and of charterers who supposedly rejected the M/V COMPASS based on her damages. It is currently unknown whether each of the various witnesses will voluntarily appear for deposition or whether the parties will have to engage in the time-consuming process of gaining authority to compel foreign witnesses in foreign countries. Moreover, the parties will need to engage in discovery of the various experts regarding repair and loss of use damages based on the information provided by the fact witnesses.

5.      While the parties continue to communicate with hopes of potential settlement, the defendant requests a ninety-day extension of all case deadlines to address the realistic problems and manage the practical difficulties inherent in conducting geographically diverse factual discovery across at least four nations in this case.

6.      The defendant confirms this motion is brought in good faith and not for the purpose of delay.

7.     The defendant has conferred with counsel for plaintiffs, who advised that they do not oppose the relief sought in this motion.

WHEREFORE, the defendant seeks an extension of ninety (90) days for all case deadlines in the Scheduling Order.

/s/Elbert L. Martin, IV
ELBERT L. MARTIN, IV
emartin@laulane.com
Florida Bar No. 98010
DAVID W. McCREADIE
dmccreadie@laulane.com
Florida Bar No. 308269
LAU, LANE, PIEPER,
CONLEY & MCCREADIE, P.A.
100 South Ashley Drive, Suite 1650
Tampa, Florida 33602
Tel: 813-229-2121
Fax: 813-228-7710
Attorneys for Defendants

## LOCAL RULE 3.01(g) CERTIFICATION

Per Local Rule 3.01(g), counsel for defendants conferred with counsel for plaintiff, who advised they do not oppose the relief sought in this motion.

/s/Elbert L. Martin, IV
ELBERT L. MARTIN, IV
Florida Bar No. 98010

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 23, 2023 the foregoing was filed with the Clerk of Court using the CM/ECF system.

/s/Elbert L. Martin, IV
ELBERT L. MARTIN, IV
Florida Bar No. 98010

3